Taft, J.,
concurring. Admittedly, defendant was “a dealer in goods of” the “kind” here sold. The “goods” here sold were not merely the contents of the packages hut the packages with the contents therein. Myers v. Malone & Hyde, 173 F. (2d), 291; Niblett, Ltd., v. Confectioners’ Materials Co., Ltd. (1921), 3 K B, 387, 395, 396. Since the packaging of those goods made it unlawful to sell them, such packaging would necessarily be a “defect, rendering them unmerchantable.” Myers v. Malone & Hyde, supra; Manning Mfg. Co. v. Hartol Products Corp. of New England, 99 F. (2d), 814; Niblett v. Confectioners, supra, 395, 396, 403; 35 Harvard Law Review, 477. Such “defect * * * would not be apparent on reasonable examination of the sample” except to those familiar with the provisions of the federal food and drug laws (Section 331 et seq., and especially Section 343 (a) (d), of title 21, U. S. Code) and the construction given to those statutory provisions. Admittedly, neither the plaintiff nor the defendant was sufficiently familiar with those laws and their construction to enable them to recognize that “defect.” The language of Section 8396 (c), General Code, appears to necessarily require the conclusion that the defendant impliedly warranted that the goods should “be free from” such a defect, unless *548 it is determined as a matter of law that the plaintiff was sufficiently familiar with the federal statutes and the construction thereof to recognize that “defect’’ (Cf. Section 8395 (3), General Code) notwithstanding the admitted fact that he was not. Such a determination must rest upon the maxim that all are conclusively presumed to know the law. See Aetna Ins. Co. v. Reed, 33 Ohio St., 283, 293, 294; Rindskopf Bros. Co. v. Doman, 28 Ohio St., 516; 17 Ohio Jurisprudence, 96, Section 76; 30 Id., 202, Section 8; 23 American Jurisprudence, 809, Section 45; 9 A. L. R., 1051,1054; 33 Id., 853, 880. But see Miller v. Proctor et al., Exrs., 20 Ohio St., 442.
In view of the many harsh applications of this maxim which have been consistently made in a wide variety of situations, it is difficult to find any valid reason for not applying the maxim, where only an implied warranty is involved and especially where this defendant is not shown to have had any more actual knowledge of the law involved than this plaintiff had.
The case of Niblett v. Confectioners, supra, is distinguishable because the only defect there involved was the unauthorized use of a registered trade mark on the package. That such trade mark was owned by another, and the authority of the seller to use it, were at least partly matters of fact and not merely matters of law.
It is not necessary to consider the claim of the unauthorized use of a trade name on the goods in the instant case. If, as contended by plaintiff, the goods were worthless because of their packaging, such unauthorized use of a trade name could not make them worth less than they already were worth.